Claimant, Goedde Lumber Company, an Illinois Corporation, is hereby awarded the sum of $1,921.66.

(No. 5211█ 

SIEGERT-MATHEWSON MEDICAL GROUP, A Partnership, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

WILLIAM H. AMLING, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

On May 6, 1964, claimant, Siegert-Mathewson Medical Group, A Partnership, presented its statement to the Department of Public Aid for medical services rendered one Rachel Green. Claimant alleges that its statement for services was not submitted at an earlier date, because of failure of the Department of Public Aid to notify claimant that the said patient was subject to the provisions of its program for Assistance to the Medically Indigent Aged, and, further, that no part of its claim has been paid. Thereafter, on January 21, 1965, a complaint in this matter was filed in the

Court of Claims. It contains a request for payment of the charges for medical services furnished said Rachel Green for the period of April 26, 1963 to, on or about May 26, 2963, inc.

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which, in essence, supports the position of claimant in this matter. It indicates that claimant did furnish the services to one Rachel Green, and that, according to the fee schedule of payments established by the Department of Public Aid of the State of Illinois, the value of such services was in a total amount of $435.00. The stipulation reflects the further fact that the appropriation from which payment could have been paid had lapsed prior to the time the statement was submitted. These facts are not refuted by the Department of Public Aid in the Departmental Report filed in this matter on February 19, 1965.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *Memorial Hospital of Du Page County, A Corporation,* vs. *State of Illinois,* Case No. 5197, opinion filed January 12, 1965. It appears that all qualifications for an award have been met in the instant case.

Claimant, Siegert-Mathewson Medical Group, a Partnership, is, therefore, hereby awarded the sum of $435.00.